Law Offices of Zaman
Neda A. Zaman
Bar#: 204593
3435 Wilshire Boulevard
Suite 640
Los Angeles, California 90010
Tel: (213) 381-3777
Fax: (213) 381-5866

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

C07  05120 HRL

| | |
|---|---|
| MINA TAVAKOLI | ) |
| | ) Case Number |
| A 046 771388 | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Writ of Mandamus |
| | ) Or Alternatively |
| Paul D. CLEMENTE[1], Attorney General of the United States, Michael CHERTOFF, Secretary of the United States' Department of Homeland Security, Eduardo AGUIRRE, Acting Director of the Bureau of Citizenship and Immigration Service; and David STILL, Director of the San Francisco District Office of the Bureau of Citizenship and Immigration Service | ) |
| | ) De Novo Judicial Review of |
| | ) Plaintiff's Naturalization |
| | ) Application |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Law Offices of Neda A. Zaman
Neda A. Zaman

3435 Wilshire Boulevard
Suite 640
Los Angeles, California 90010

---

1. Paul D. Celemte, Acting Attorney general of the United States is substitute for former Attorney General Alberto Gonzales pursuant to Rule 25(d)(1) of Federal Rules of Civil Procedure.

## I. **INTRODUCTION**

1.      This is a civil action brought by the Plaintiff, to compel the Defendants and those acting pursuant to his/her authority to take action on the Naturalization Application (Form N-400) that was filed with Bureau of Citizenship and Immigration Services (CIS), and which Defendant and those acting under her have failed to take timely action on the Naturalization Application. Alternatively, grant of De Novo judicial review by this Honorable Court.

## II. **JURISDICTION**

2.      Jurisdiction is conferred upon this Honorable Court pursuant to Section 1331 of Title 28, as well as Section 1361 of Title 28 of the United States Code, the Administrative Procedure Act (APA) codified at Section 555(b) of Title 5 of the United States Code, and the Immigration and Nationality Act and regulations implementing it.

3.      Pursuant to 28 USC § 1331,"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The jurisdiction is proper under 28 U.S.C. § 1331 because the cause of action arises under 28 U.S.C. § 1361 (mandamus), the Administrative procedure Act (APA) 5 U.S.C. § 555 (b) and 5 U.S.C. §702, the Immigration and Nationality Act (INA) and the regulations implementing it codified at Title 8 of Code of Federal Regulations.

4.      Section 1361 of Title 28 of the United States Code provides that:

"The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff". 28 U.S.C. § 1361

5.      In addition, the Administrative Procedure Act, in pertinent part provides that: "[W]ith due regards for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it". 5 USC § 555(b)

The delay in processing the Naturalization Application of the Plaintiff is unreasonable.

6.      Additionally, jurisdiction is conferred upon this Honorable Court to grant review of Plaintiff's Naturalization application by Section 1421(c) of Title 8 of the United States Code. Section 1421(c), "Judicial Review". Additionally, 8 U.S.C.§ 1447 codified at INA § 336(b), provides that, if USCIS failed to make a determination on a naturalization application within 120 days following an examination of the applicant under INA § 335, 8 U.S.C. § 1446, the applicant may apply to a United States district court for the district in which the applicant resided for a hearing on the matter, and the court then has exclusive jurisdiction over the petition

7.      Numerous provisions of the Immigration and Nationality Act and the regulations provide examples of duties owed by the USCIS in the naturalization process. The Immigration and Nationality Act §103 (a)(1) states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens". INA § 103 (a)(1), 8 USC 1103, (emphasis added.) The Code of Federal Regulations further provide that "[t]he Service shall accept an application for Naturalization from an applicant....". 8 C.F.R. § 310.2

7.      Venue is properly laid in the Northern District of California pursuant to the provisions of Section 1391 (e) of Title 28 of the United States Code, in that a substantial part of the activities and

- 3 -

1  omission complained of occurred in the Northern District of California, and the Plaintiff reside in

2  this District.

3                                   III. PARTIES

4

5  8.      Plaintiff is a native and citizen of Iran. In 2004, Plaintiff  filed an application for

6  Naturalization (N-400) with the Citizenship and Immigration Service.

7  9.      On or about October 18, 2005, per the instruction of the CIS, the Plaintiff attended the

8  Naturalization interview. Thereafter, she was informed that he has passed the English, U.S. History,

9  and government part of the exam.    (See Attached Exhibit A)

10

11

12  10.     After many inquiries, Congressional interventions,  and in excess of twenty-months has

13  passed since the interview on October 2005, yet USCIS has not taken any action on the

14  Naturalization Application  filed by the Plaintiff. (See Attached Exhibit B)

15

16  11.     Defendant David Still is sued in his official capacity.  He is the San Francisco District

17  Director of USCIS.  As such, he is the Attorney General's designate for the San Francisco District,

18  charged with the duty of administration and enforcement of all functions, powers, and duties of

19  USCIS.  On November 25, 2002, the President signed into law the Homeland Security Act of 2002

20  (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS).  Pursuant

21

22  to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003.  As

23  provided by the Homeland Security Act and by the Department of Homeland Security

24  Reorganization Plan of November 25, 2002, as modified (Reorganization Plan), the function of the

25  INS of the Department of Justice, and all authorities with respect to those functions, transferred to

26  DHS on March 1, 2003, and the INS was abolished on that date.  The transition and savings

27

28

                                        - 4 -

provision of the Homeland Security Act, including sections 1512 (d) and 1517, provide the references relating to INS in statutes, regulations, directives or delegation of authority shall be deemed to refer to the appropriate official or component of DHS.

V. REQUEST FOR RELIEF

12. The allegations contained in paragraphs 1 through 11 above are repeated and re-alleged as though fully set forth herein.

13. Plaintiff is otherwise eligible for citizenship.

14. The Defendant has willfully and unreasonably delayed a determination on Plaintiff's Citizenship application.

15. This unreasonable delay is not attributable to plaintiff.

16. The Defendant owes Plaintiff a duty to make a determination on the Citizenship Application within 120 days of interview and has unreasonably failed to perform the duty. This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process the application.

17. This delay is unreasonable per se.

18. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Plaintiff's inquiries on her application. By making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that exist. No other remedy exists to resolve Defendant's delay and lack of ability or willingness to make a determination of Plaintiff's Citizenship application.

PRAYER

WHEREFORE, Plaintiff prays that this Honorable Court:

A.  Assume jurisdiction herein;

B.  Compel the Defendant and those acting under him to perform their duty or duties to adjudicate the Naturalization application;

C.  Grant such other and further relief, as this Honorable Court deems appropriate and just;

D.  Grant attorney's fees and costs of court.


Dated:    /0/1/07


Respectfully Submitted,

By:    _Neda A._____
Neda A. Zaman
Attorney at Law