1  Law Offices of Zaman
   Neda A. Zaman
2  Bar#: 204593
   3435 Wilshire Boulevard
3  Suite 640
   Los Angeles, California 90010
4  Tel: (213) 381-3777
   Fax: (213) 381-5866
5
   Attorneys for Plaintiff
6

7  **IN THE UNITED STATES DISTRICT COURT FOR THE
      NORTHERN DISTRICT OF CALIFORNIA**
8

9

10  MINA TAVAKOLI                                    )
                                                     )
11        A 046 771388                               ) Case Number
              Plaintiff,                             )
12     vs.                                           )
                                                     ) Writ of Mandamus
13  Paul D. CLEMENTE[1], Attorney General of the     ) Or Alternatively
    United States, Michael CHERTOFF, Secretary of the)
14  United States' Department of Homeland Security,  )
    Eduardo AGUIRRE, Acting Director of the Bureau of) De Novo Judicial Review of
15  Citizenship and Immigration Service; and David   ) Plaintiff's Naturalization
    STILL, Director of the San Francisco             )        Application
16  District Office of the Bureau of Citizenship and )
    Immigration Service                              )
17                                                   )
              Defendants.                            )
18                                                   )

19

20                                              /s/ Neda A. Zaman

21                                              Law Offices of Neda A. Zaman
                                                Neda A. Zaman
22
                                                3435 Wilshire Boulevard
23                                              Suite 640
                                                Los Angeles, California 90010
24

25  _____

26
    1. Paul D. Celemte, Acting Attorney general of the United States is substitute for former
27  Attorney General Alberto Gonzales pursuant to Rule 25(d)(1) of Federal Rules of Civil
    Procedure.
28

## I. INTRODUCTION

1. This is a civil action brought by the Plaintiff, to compel the Defendants and those acting pursuant to his/her authority to take action on the Naturalization Application (Form N-400) that was filed with Bureau of Citizenship and Immigration Services (CIS), and which Defendant and those acting under her have failed to take timely action on the Naturalization Application. Alternatively, grant of De Novo judicial review by this Honorable Court.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court pursuant to Section 1331 of Title 28, as well as Section 1361 of Title 28 of the United States Code, the Administrative Procedure Act (APA) codified at Section 555(b) of Title 5 of the United States Code, and the Immigration and Nationality Act and regulations implementing it.

3. Pursuant to 28 USC § 1331,"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The jurisdiction is proper under 28 U.S.C. § 1331 because the cause of action arises under 28 U.S.C. § 1361 (mandamus), the Administrative procedure Act (APA) 5 U.S.C. § 555 (b) and 5 U.S.C. §702, the Immigration and Nationality Act (INA) and the regulations implementing it codified at Title 8 of Code of Federal Regulations.

4. Section 1361 of Title 28 of the United States Code provides that:

"The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff". 28 U.S.C. § 1361

5.	In addition, the Administrative Procedure Act, in pertinent part provides that: "[W]ith due regards for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it". <u>5 USC § 555(b)</u>

The delay in processing the Naturalization Application of the Plaintiff is unreasonable.

6.	Additionally, jurisdiction is conferred upon this Honorable Court to grant review of Plaintiff's Naturalization application by Section 1421(c) of Title 8 of the United States Code. Section 1421(c), "Judicial Review".  Additionally, 8 U.S.C.§ 1447 codified at INA § 336(b), provides that, if USCIS failed to make a determination on a naturalization application within 120 days following an examination of the applicant under INA § 335, 8 U.S.C. § 1446, the applicant may apply to a United States district court for the district in which the applicant resided for a hearing on the matter, and the court then has exclusive jurisdiction over the petition

7.	Numerous provisions of the Immigration and Nationality Act and the regulations provide examples of duties owed by the USCIS in the naturalization process.  The Immigration and Nationality Act §103 (a)(1) states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens". INA § 103 (a)(1), 8 USC 1103, (emphasis added.)  The Code of Federal Regulations further provide that "[t]he Service shall accept an application for Naturalization from an applicant....". 8 C.F.R. § 310.2

7.	Venue is properly laid in the Northern District of California pursuant to the provisions of Section 1391 (e) of Title 28 of the United States Code, in that a substantial part of the activities and

omission complained of occurred in the Northern District of California, and the Plaintiff reside in this District.

### III. PARTIES

8. Plaintiff is a native and citizen of Iran. In 2004, Plaintiff filed an application for Naturalization (N-400) with the Citizenship and Immigration Service.

9. On or about October 18, 2005, per the instruction of the CIS, the Plaintiff attended the Naturalization interview. Thereafter, she was informed that he has passed the English, U.S. History, and government part of the exam.    (See Attached Exhibit A)

10. After many inquiries, Congressional interventions, and in excess of twenty-months has passed since the interview on October 2005, yet USCIS has not taken any action on the Naturalization Application filed by the Plaintiff. (See Attached Exhibit B)

11. Defendant David Still is sued in his official capacity. He is the San Francisco District Director of USCIS. As such, he is the Attorney General's designate for the San Francisco District, charged with the duty of administration and enforcement of all functions, powers, and duties of USCIS. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant to the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified (Reorganization Plan), the function of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings

provision of the Homeland Security Act, including sections 1512 (d) and 1517, provide the references relating to INS in statutes, regulations, directives or delegation of authority shall be deemed to refer to the appropriate official or component of DHS.

## V. REQUEST FOR RELIEF

12. The allegations contained in paragraphs 1 through 11 above are repeated and re-alleged as though fully set forth herein.

13. Plaintiff is otherwise eligible for citizenship.

14. The Defendant has willfully and unreasonably delayed a determination on Plaintiff's Citizenship application.

15. This unreasonable delay is not attributable to plaintiff.

16. The Defendant owes Plaintiff a duty to make a determination on the Citizenship Application within 120 days of interview and has unreasonably failed to perform the duty. This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process the application.

17. This delay is unreasonable per se.

18. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Plaintiff's inquiries on her application. By making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that exist. No other remedy exists to resolve Defendant's delay and lack of ability or willingness to make a determination of Plaintiff's Citizenship application.

## PRAYER

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Assume jurisdiction herein;

B. Compel the Defendant and those acting under him to perform their duty or duties to adjudicate the Naturalization application;

C. Grant such other and further relief, as this Honorable Court deems appropriate and just;

D. Grant attorney's fees and costs of court.

Dated: 10/1/07

Respectfully Submitted,

By: _____
Neda A. Zaman
Attorney at Law

**U.S. Department of Homeland Security**
Citizenship and Immigration Services

**N-652, Naturalization Interview Results**

A046771388
A046771388

On October 18, 2005, you were interviewed by USCIS Officer Lu

- [✓] You passed the tests of English and U.S. history and government.
- [ ] You passed the test of U.S. history and government and the English language requirement was waived.
- [ ] USCIS has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.
- [ ] You will be given another opportunity to be tested on your ability to _____ speak / _____ read / _____ write English.
- [ ] You will be given another opportunity to be tested on your knowledge of U.S. history and government.
- [ ] Please follow the instructions on the Form N-14.
- [ ] USCIS will send you a written decision about your application.
- [ ] You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this N-400. USCIS will send you a written decision about your application.

A) _____ Congratulations! Your application has been recommended for approval. At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) ___✓___ A decision cannot yet be made about your application.   FBI name check pending

It is very important that you:

- [☒] Notify USCIS if you change your address.
- [☒] Come to any scheduled interview.
- [☒] Submit all requested documents.
- [☒] Send any questions about this application in writing to the officer named above. Include your full name, Alien Registration Number (A#), and a copy of this paper.
- [☒] Go to any Oath Ceremony that you are scheduled to attend.
- [☒] Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or Oath Ceremony. Include a copy of this paper and a copy of the scheduling notice.

**NOTE:** Please be advised that under section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied or before the U.S. district court if USCIS has not made a determination on your application within 120 days of the date of your examination.

# UNITED STATES DEPARTMENT OF JUSTICE
*Immigration and Naturalization Service*

## INQUIRY FORM

Alien Registration Number: A **046-771-388**

WAC Number: ☐☐-☐☐☐-☐☐☐☐

Form #: **N400**  Date Filed: **05/18/05**  Date Interviewed: **10/18/05**

PLEASE PRINT:

Name: **Mina Tavakoli**  Date of Birth: **07/23/1951** (Month/Day/Year)

ADDRESS: **19500 Pruneridge Ave #4306**

CITY/STATE/ZIP: **Cupertino CA 95014**  Is this a new address: YES ☒  NO ☐

COUNTY: _____

PLEASE RETURN TO:
U.S. I.N.S.
1887 MONTEREY ROAD
SAN JOSE CA 95112

NOTE: Applicant must appear in person to check his/her status or may mail inquiry to the address above.

---

PLEASE DO NOT WRITE BELOW THIS LINE

---

RESPONSE(S):

☐ Your application/petition was granted on _____.

☐ You application/petition is pending the completion of background checks (fingerprints and/or other checks). It is estimated that these checks will be completed within the next _____ month(s).

☐ You will be scheduled for a final oath ceremony. You will be notified of the ceremony within the next 60 days.

☐ Your case is pending the receipt of additional information, which was due on _____.

☐ We have received the additional information you submitted. Your case is pending review by an officer. It is estimated that a decision will be made on your case within the next _____ weeks.

☐ Your case is pending review by an officer. It is estimated that a decision will be made on your case within the next _____ weeks.

☐ Your fingerprints have expired; please take the attached letter to the nearest ASC on the week indicated.

☐ Your address has been updated in our systems.

☐ Your file has been ordered from _____ please allow _____ days.

☐ We have no record of your application/petition at this office. You should appear at this office within the next 30 days with evidence that you filed the application and to discuss this matter with an Immigration Information Officer.

☐ Other: _____